**Dismissed and Memorandum Opinion filed October 1, 2013.**



In The

## Fourteenth Court of Appeals

### NO. 14-13-00503-CV
### NO. 14-13-00573-CV

**GILJOY TECHNOLOGY, INC. AND GILBERT CRUZ, Appellants**

**V.**

**THE CITY OF HOUSTON, Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2011-33288A**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a "judgment against the City entered on June 5, 2013." The record does not contain a judgment against the City filed on that date. The record contains an order granting the City's plea to the jurisdiction, which was made final by the court's severance order signed February 26, 2013. Notice of appeal was filed June 5, 2013.

Appellant's notice of appeal was not filed timely. *See* Tex. R. App. P. 26.1.

On September 3, 2013, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction unless any party filed a response within ten days showing meritorious grounds for continuing the appeal.

Appellants filed a response in which they contend they were confused about the finality of the judgment due to the trial court's docket control order. The record reflects that appellants filed suit against The City of Houston, James Washington, and Prentice and Helen Slaughter. The City of Houston filed a plea to the jurisdiction, which was granted on February 6, 2012. On February 26, 2013, the trial court granted the City's motion to sever the ruling on the plea to the jurisdiction. The court severed the cause and assigned a separate cause number of 2011-33288A. Where an order does not dispose of all issues and all parties, it is interlocutory and is not appealable without express statutory authorization, severance, dismissal, or non-suit. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). In this case, the trial court's order granting the City's plea to the jurisdiction was interlocutory until severed by the February 26, 2013, severance order. At that time, the order on plea to the jurisdiction was final and appealable, but appellants did not file a timely notice of appeal.

According to appellant's response, the trial court subsequently entered a docket control order in cause number 2011-33288A. Although appellants contend they were confused by the docket control order and did not understand that the severed cause was final, their response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.